IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30977
Summary Calendar
_____

DWARF CANNON,

Plaintiff-Appellant,

versus

DILLARD DEPARTMENT STORES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(97-CV-1078)
_____

February 26, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Dwarf Cannon worked as a building engineer for Dillard Department Stores, Inc. ("Dillard") until his employment was terminated in October of 1996. In 1993, Cannon developed health problems that he believes are related to work he performed on an air conditioning system in one of Dillard's stores. On October 23, 1997, Cannon filed a suit against Dillard alleging that he suffered personal injuries as a result of Dillard's intentional acts. A magistrate judge granted summary judgment in Dillard's favor, holding that the cause of action was prescribed. Cannon now

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeals and, because we find that the magistrate judge did not err in granting summary judgment, we affirm.

On appeal, Cannon makes two arguments. First, Cannon argues that the magistrate judge erred when he concluded that Cannon contradicted his deposition testimony in a subsequent affidavit. Cannon's second argument is that the district court erred in concluding that the suit was prescribed.

In his deposition testimony, Cannon testified that, in 1993, he was ordered to perform the initial work over his objections about health concerns, that he was only provided with a dust mask while performing the work, and that the work resulted in his experiencing physical side effects. He further testified that, when the initial effort to fix the air conditioning system was not completely successful, he installed filters and maintained those filters until 1996. Nowhere in the deposition testimony does he state that he was subsequently ordered to continue the maintenance in spite of protests about the adverse health effects of performing that maintenance. On its face, his testimony therefore did not evince an ongoing intentional tort on the part of Dillard.

In a subsequent affidavit, he testified that he was forced to vacuum inside the insulation, that he repeatedly requested and was denied safety equipment during this time, and that he complained of nose and throat problems related to this work. Having reviewed the record, we conclude that the magistrate judge did not err in concluding that the version Cannon tells in the affidavit is so at odds with his deposition testimony that it is contradictory.

Furthermore, as the magistrate judge noted, even if Cannon's subsequent affidavit were taken at face value, he still would not have demonstrated the requisite showing for an intentional tort.

Cannon's second argument is that, because Dillard engaged in an ongoing intentional tort and his claim against Dillard was not reasonably knowable until after he was terminated, the magistrate judge erred in concluding that his cause of action is prescribed. A review of the record again reveals that the magistrate judge did not err. Under Louisiana law, there is a one-year prescription period that runs from the time the injury is sustained. La.Civ.Code. art. 3492. As described above, the record does not evidence that there was an ongoing intentional tort on the part of Dillard. The basis for the injury was Cannon's work on the air conditioning system in 1993. The record clearly establishes that Cannon attributed his symptoms to the work he performed in 1993 and that Cannon sought medical treatment for them at that time. The magistrate judge therefore correctly ruled that Cannon had knowledge of the injury in 1993 and that his cause is prescribed.

For the foregoing reasons, the summary judgment is

A F F I R M E D.